IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------------------------  X
Benjamin Mostaed, on behalf of himself and all others              :
similarly situated,                                                :
                                                                   :
                        Plaintiffs,                                :
                                                                   :     No. 3:11-CV-079-REP
        vs.                                                        :
                                                                   :
James B. Crawford, Robert H. Foglesong, Richard M.                 :
Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore,           :
Baxter F. Phillips, Jr., Stanley C. Suboleski, Linda J. Welty,     :
Massey Energy Company, and Alpha Natural Resources,                :
Inc.,                                                              :
                                                                   :
                        Defendants.                                :
-------------------------------------------------------------------  X
```

## DECLARATION OF SCOTT B. REENTS, ESQ.

**SCOTT B. REENTS, ESQ.**, under penalty of perjury pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.  I am an attorney admitted to practice before the courts of the State of New York, and an associate at the firm Cleary Gottlieb Steen & Hamilton, LLP, counsel for defendant Alpha Natural Resources, Inc. ("Alpha") in the above-captioned action. I submit this declaration in support of Defendants' Motion For A Stay Pending Resolution Of The Same Shareholder Class Action Claims Before The Delaware Chancery Court.

2.  Attached to this Declaration as **Exhibit 1** is a true and correct copy of the press release issued by Alpha and Massey Energy Company ("Massey") on January 29,

2011, titled, "Alpha Natural Resources and Massey Energy Agree to $8.5 Billion Combination."

3. Attached to this Declaration as **Exhibit 2** is a true and correct copy of Plaintiffs' Motion For Leave To Amend The Verified Shareholder Consolidated Derivative Complaint, dated January 31, 2011 ("Motion For Leave To Amend"), filed in In re Massey Energy Derivative Litigation, No. 5430-CC (Del. Ch.).

4. Attached to this Declaration as **Exhibit 3** is a true and correct copy of the complaint filed on February 7, 2011 in Silverman v. Phillips, No. 6171-CC (Del. Ch.).

5. Attached to this Declaration as **Exhibit 4** is a true and correct copy of the complaint filed on February 14, 2011 in Goe v. Massey Energy Company, No. 6193-CC (Del. Ch.).

6. Attached to this Declaration as **Exhibit 5** is a true and correct copy of the Order Implementing March 1, 2011 Rulings, dated March 9, 2011, issued in In re Massey Energy Company Derivative And Class Action Litigation, No. 5430-VCS (Del. Ch.).

7. Attached to this Declaration as **Exhibit 6** is a true and correct copy of the decision issued in Krieger v. Atheros Communications, Inc., Case No. 11-CV-00640-LHK, slip op. (N.D. Cal. Mar. 4, 2011).

8. I have reviewed the Verified Shareholder Second Amended Derivative And Class Action Complaint (the "Delaware SAC"), which is attached as Exhibit A to the Motion For Leave To Amend.  The Delaware SAC was provided to Alpha by Massey.  The Delaware SAC states that it was filed conditionally under seal because it is "based upon, incorporates and attaches as exhibits, internal documents produced by Massey which the Company has designated as confidential."  The Delaware SAC

contains the following allegations, none of which are based upon or incorporate internal confidential Massey documents.

9. In Count III, alleging breach of fiduciary duty against the current directors of Massey, the Delaware SAC alleges that "[t]he primary reason these Defendants agreed to the merger was to eliminate the liability that the Individual Defendants faced in this litigation. The merger would extinguish the derivative standing of Massey shareholders to pursue these claims, leaving the Individual Defendants free from having to answer for their misdeeds." Delaware SAC ¶ 198.

10. The Delaware SAC alleges that "[g]iven [the] extensive record of the [Massey] Board's consciously ignoring safety conditions in Massey mines, and this litigation initiated in April 2010 to challenge those breaches of fiduciary duty, the Board started a process just two months ago to sell Massey. The timing of such a sale process could not have been worse. Massey's stock price was down due to the aftermath of the [Upper Big Branch mine] disaster. Massey's performance suffered drastic reductions in production, as the following quarters demonstrated with significant operating losses. But the Board's primary concern in offering Massey for sale was not to maximize the Massey shareholders' consideration in such a deal, but rather to sell Massey on the quick and on the cheap so that they could extinguish this suit and their potential liability." Id. ¶ 3.

11. In Count III, alleging breach of fiduciary duty against the current directors of Massey, the Delaware SAC alleges that "[t]he Defendants put the interests of the Individual Defendants ahead of the interests of the Class when they agreed to the merger of Alpha and Massey. They failed to secure the best price possible, and failed to secure

3

any downside protection for the merger consideration, which is primarily Alpha stock. They also virtually eliminated the possibility of a superior proposal, as they agreed to a strict no shop provision that restricts their own discretion and a substantial termination fee." Id. ¶ 197.

12. In Count IV, alleging aiding and abetting breach of fiduciary duty against Alpha and Mountain Merger Sub, Inc., the Delaware SAC alleges that "Alpha and [Mountain Merger Sub, Inc.] agreed with the Massey Board to orchestrate the merger for the purpose of eliminating the Individual Defendants' potential liability for the derivative counts in this action, and thus have knowingly and unlawfully aided and abetted the Massey Board's breaches of fiduciary duties alleged herein." Id. ¶ 204.

13. The Delaware SAC alleges a claim for breach of fiduciary duty related to the Alpha-Massey merger against current Massey directors James Crawford, Robert Foglesong, Robert Gabrys, Robert Holland, Bobby Inman, Dan Moore, Baxter Phillips, Stanley Suboleski, and Linda Welty, and a claim for aiding and abetting breach of fiduciary against Alpha. Id. ¶¶ 196, 203.

14. Each count of the Delaware SAC alleges that Plaintiffs have "no adequate remedy at law." Id. ¶¶ 200, 206. The prayer for relief of the Delaware SAC seeks a judgment "[e]njoining the consummation of the merger." Id. Prayer for Relief (v).

15. The Delaware SAC states that the "action is properly maintainable as a class action" in part because "[t]he prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for defendants . . ." Id. ¶¶ 181, 181(c).

4

16. The Delaware SAC states that "Plaintiffs bring the class action counts of [the

Delaware SAC] . . . individually and on behalf of all other stockholders of [Massey]

(except the defendants herein and any persons, firm, trust, corporation, or other entity

related to or affiliated with them and their successors in interest), who are or will be

threatened with injury arising from Defendants' actions, as more fully described

herein." Id. ¶ 180.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true

and correct.

Dated: New York, New York
      March 11, 2011

                                              Scott B. Reents