IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
------------------------------------------------------------------ X
                                                                   :
Benjamin Mostaed, on behalf of himself and all others              :
similarly situated,                                                :
                                                                   :
                           Plaintiffs,                             :
                                                                   :          No. 3:11-CV-079-REP
               vs.                                                 :
                                                                   :
James B. Crawford, Robert H. Foglesong, Richard M.                 :
Gabrys, Robert B. Holland, Bobby R. Inman, Dan R.                  :
Moore, Baxter F. Phillips, Jr., Stanley C. Suboleski, Linda        :
J. Welty, Massey Energy Company, and Alpha Natural                 :
Resources, Inc.,                                                   :
                                                                   :
                           Defendants.                             :
------------------------------------------------------------------ X
```

**DEFENDANT ALPHA NATURAL RESOURCES, INC.'S ANSWER TO THE
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Alpha Natural Resources ("Alpha"), by and through its undersigned

attorneys, hereby Answers the First Amended Class Action Complaint (the "Complaint") as

follows:

1.       Paragraph 1 purports to assert legal conclusions to which no response is

required, and which Alpha denies on that basis.  Alpha otherwise denies the allegations set forth

in paragraph 1, except respectfully refers to the Agreement and Plan of Merger dated as of

January 28, 2011, among Mountain Merger Sub, Inc., Alpha Natural Resources, Inc. and Massey

Energy Company (the "Merger Agreement") for the true and complete contents thereof.

2.       Paragraph 2 purports to state legal conclusions to which no response is

required.  To the extent there are substantive allegations contained in paragraph 2 to which a

response is required, they are denied, except Alpha admits that Alpha and Massey filed a Form

S-4 (the "Preliminary Proxy") on March 17, 2011, to which Alpha respectfully refers for the true and complete contents thereof.

3.        The allegations in paragraph 3 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 3 purports to assert legal conclusions to which no response is required.  To the extent paragraph 3 contains any substantive allegations against Alpha, they are denied.

4.        Alpha denies the allegations set forth in paragraph 4, except respectfully refers to the Merger Agreement for the true and complete contents thereof, and to the publicly reported trading prices of Massey stock for the truth thereof.

5.        Paragraph 5 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 5 to which a response is required, they are denied.

6.        Paragraph 6 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 6 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

7.        Paragraph 7 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 7 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

8.        Paragraph 8 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 8 to which a

response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

9.      Paragraph 9 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 9 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

10.      Paragraph 10 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 10 to which a response is required, they are denied.

11.      Paragraph 11 purports to state legal conclusions to which no response is required.

12.      Paragraph 12 purports to state legal conclusions to which no response is required.

13.      Paragraph 13 purports to state legal conclusions to which no response is required.

14.      Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15.      On information and belief, Alpha admits the allegations set forth in paragraph 15.

16.      Admitted.

17.      On information and belief, Alpha admits that Baxter F. Phillips, Jr. has served as a Massey director since May 22, 2007 and as CEO since December 2010, and that he is

the current President of Massey.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18.     On information and belief, Alpha admits that Bobby R. Inman has served as a Massey director since 1985 and as Chairman of the Massey Board of Directors since December 2010.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     On information and belief, Alpha admits that James B. Crawford has served as a Massey director since February 7, 2005.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     On information and belief, Alpha admits that Robert H. Foglesong has served as a Massey director since February 21, 2006.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21.     On information and belief, Alpha admits that Richard M. Gabrys has served as a Massey director since May 22, 2007.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.     On information and belief, Alpha admits that Robert B. Holland has served as a Massey director since August 16, 2010.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23.     On information and belief, Alpha admits that Dan R. Moore has served as a Massey director since January 22, 2002.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24.        On information and belief, Alpha admits that Stanley C. Suboleski has served as a Massey director since May 13, 2008.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25.        On information and belief, Alpha admits that Linda J. Welty has served as a Massey director since August 16, 2010.  Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.        Paragraph 26 does not contain allegations and, for that reason, no response is required.

27.        Paragraph 27 purports to state legal conclusions to which no response is required.

28.        Paragraph 28 purports to state legal conclusions to which no response is required.

29.        Paragraph 29 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 29 to which a response is required, they are denied.

30.        Paragraph 30 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 30 to which a response is required, they are denied.

31.        Paragraph 31 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 31 to which a response is required, they are denied.

32.        On information and belief, Alpha admits that Massey is the fourth largest coal producer in the United States, with extensive coal mining operations in West Virginia,

Kentucky, and Virginia, and that Massey is the largest coal producer in Central Appalachia. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.     Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33, except Alpha respectfully refers to the referenced statement for the true and complete contents thereof.

34.     Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34, except Alpha respectfully refers to the referenced statement for the true and complete contents thereof, and to the publicly reported trading prices of Massey stock for the truth thereof.

35.     Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, except Alpha respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

36.     Alpha denies the allegations set forth in paragraph 36, except admits that Alpha and Massey issued a press release entitled "Alpha Natural Resources and Massey Energy Agree to $8.5 Billion Combination" on January 29, 2011, and respectfully refers to that press release for the true and complete contents thereof.

37.     On information and belief, Alpha admits the allegations set forth in paragraph 37.

38.     The allegations in paragraph 38 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Alpha otherwise denies the allegations of paragraph 38, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

39.     Alpha denies the allegations set forth in paragraph 39, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

40.     Alpha denies the allegations set forth in paragraph 40, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

41.     Alpha denies the allegations set forth in paragraph 41, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

42.     Alpha denies the allegations set forth in paragraph 42, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

43.     Alpha denies the allegations set forth in paragraph 43, except respectfully refers to the Merger Agreement and Massey's Form 10-Q, filed on November 8, 2010, for the true and complete contents thereof.

44.     Paragraph 44 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 44 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

45.     Alpha denies the allegations set forth in paragraph 45, except respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

46.     Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46, except Alpha respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

47.     Alpha denies the allegations set forth in paragraph 47, except respectfully refers to the publicly reported trading prices of Alpha and Massey stock for the truth thereof.

48.      The allegations in paragraph 48 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 48 purports to assert legal conclusions to which no response is required.  To the extent paragraph 48 contains any substantive allegations against Alpha, they are denied.

49.      The allegations in paragraph 49 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 49 purports to assert legal conclusions to which no response is required.  To the extent paragraph 49 contains any substantive allegations against Alpha, they are denied.

50.      Paragraph 50 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 50 to which a response is required, they are denied.

51.      The allegations in paragraph 51 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 51 purports to assert legal conclusions to which no response is required.  To the extent paragraph 51 contains any substantive allegations against Alpha, they are denied.

52.      Paragraph 52 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 52 to which a response is required, they are denied.

53.     Paragraph 53 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 53 to which a response is required, they are denied.

54.     Paragraph 54 purports to state legal conclusions to which no response is required.

55.     Paragraph 55 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 55 to which a response is required, they are denied, except Alpha respectfully refers to Massey's Form 10-Q, filed on November 8, 2010, for the true and complete contents thereof.

56.     Paragraph 56 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 56 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

57.     Paragraph 57 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 57 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

58.     Paragraph 58 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 58 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

59.     Admitted.

60.     Paragraph 60 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 60 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

61.     Paragraph 61 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 61 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

62.     Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

63.     Paragraph 63 purports to state legal conclusions to which no response is required.

64.     Paragraph 64 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 64 to which a response is required, they are denied, except Alpha admits that Alpha and Massey filed the Preliminary Proxy on March 17, 2011, and respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

65.     Paragraph 65 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 65 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

66.     Paragraph 66 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 66 to which a

response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

67.     Paragraph 67 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 67 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

68.      Alpha denies the allegations in paragraph 68, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

69.     Paragraph 69 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 69 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

70.     Alpha denies the allegations in paragraph 70, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

71.     Alpha denies the allegations in paragraph 71, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

72.     Paragraph 72 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 72 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

73.     Paragraph 73 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 73 to which a

response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

74.     Alpha denies the allegations in paragraph 74, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

75.     Alpha denies the allegations in paragraph 75, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

76.     Paragraph 76 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 76 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

77.     Paragraph 77 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 77 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

78.     Alpha denies the allegations in paragraph 78, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

79.     Paragraph 79 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 79 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

80.     Alpha denies the allegations in paragraph 80, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

81.      Paragraph 81 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 81 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

82.      Paragraph 82 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 82 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

83.      Alpha denies the allegations in paragraph 83, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

84.      Alpha denies the allegations in paragraph 84, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

85.      Alpha denies the allegations in paragraph 85, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

86.      Alpha denies the allegations in paragraph 86, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

87.      Paragraph 87 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 87 to which a response is required, they are denied, except Alpha respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

88.      Alpha denies the allegations in paragraph 88, except respectfully refers to the Preliminary Proxy for the true and complete contents thereof.

89.     Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

90.     The allegations in paragraph 90 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 90 purports to assert legal conclusions to which no response is required.  To the extent paragraph 90 contains any substantive allegations against Alpha, they are denied.

91.     The allegations in paragraph 91 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 91 purports to assert legal conclusions to which no response is required.  To the extent paragraph 91 contains any substantive allegations against Alpha, they are denied.

92.     Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

93.     The allegations in paragraph 93 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 93 purports to assert legal conclusions to which no response is required.  To the extent paragraph 93 contains any substantive allegations against Alpha, they are denied.

94.     Paragraph 94 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 94 to which a response is required, they are denied.

95.     The allegations in paragraph 95 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 95 purports to assert legal conclusions to which no response is required.  To the extent paragraph 95 contains any substantive allegations against Alpha, they are denied.

96.     The allegations in paragraph 96 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 96 purports to assert legal conclusions to which no response is required.  To the extent paragraph 96 contains any substantive allegations against Alpha, they are denied.

97.     The allegations in paragraph 97 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 97 purports to assert legal conclusions to which no response is required.  To the extent paragraph 97 contains any substantive allegations against Alpha, they are denied.

98.     The allegations in paragraph 98 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 98 purports to assert legal conclusions to which no response is required.  To the extent paragraph 98 contains any substantive allegations against Alpha, they are denied.

99.     The allegations in paragraph 99 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 99 purports to assert legal conclusions to which no

response is required.  To the extent paragraph 99 contains any substantive allegations against Alpha, they are denied.

100.     The allegations in paragraph 100 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 100 purports to assert legal conclusions to which no response is required.  To the extent paragraph 100 contains any substantive allegations against Alpha, they are denied.

101.     The allegations in paragraph 101 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Further, paragraph 101 purports to assert legal conclusions to which no response is required.  To the extent paragraph 101 contains any substantive allegations against Alpha, they are denied.

102.     Paragraph 102 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 102 to which a response is required, they are denied.

103.     Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

104.     Paragraph 104 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 104 to which a response is required, they are denied.

105.     Paragraph 105 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 105 to which a response is required, they are denied.

106.     Paragraph 106 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 106 to which a response is required, they are denied.

107.     Paragraph 107 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 107 to which a response is required, they are denied.

108.     Paragraph 108 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 108 to which a response is required, they are denied.

109.     Paragraph 109 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 109 to which a response is required, they are denied.

110.     Paragraph 110 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 110 to which a response is required, they are denied.

111.     Paragraph 111 purports to state legal conclusions to which no response is required.  To the extent there are substantive allegations contained in paragraph 111 to which a response is required, they are denied.

## **DEFENSES**

The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden on plaintiffs.

1.     The Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

2.      Alpha specifically denies that plaintiffs are entitled to the relief requested or to any relief as to the Counts set forth in the Complaint.

3.      Plaintiffs have suffered no damages proximately caused by Alpha's conduct.

4.      This action should be stayed for the reasons set forth in the Memorandum of Law in Support of Defendants' Motion for a Stay, dated March 11, 2011, and the Reply in Support of Defendants' Motion, dated March 28, 2011.

Alpha reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer.

WHEREFORE, Alpha requests entry of judgment in its favor and against plaintiffs, dismissing the Complaint with prejudice, awarding its fees, costs, and expenses, including attorneys' fees, incurred in defense of this action and granting such other relief as this Court may deem just and proper.

Respectfully submitted,

ALPHA NATURAL RESOURCES, INC.


By:   /s/ Robert M. Rolfe
_____

Robert M. Rolfe, Counsel

Robert M. Rolfe (VSB No. 15779)
Erin L. Barrett (VSB No. 74928)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8466
rrolfe@hunton.com

Mitchell A. Lowenthal
Boaz S. Morag
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

*Attorneys for Defendant Alpha Natural Resources, Inc.*

## CERTIFICATE OF SERVICE

I certify on this 3rd day of May, 2011, I will file a copy of Defendant Alpha Natural

Resources, Inc.'s Answer to the Plaintiffs' First Amended Class Action Complaint with the

Court's ECF filing system, which will send a copy of this instrument to the following attorneys:

Elizabeth K. Tripodi, Esq.
Karen Marcus, Esq.
Shiva Sharifahmadian, Esq.
Finklestein Thompson LLP
1050 30th Street, NW
Washington, DC 20007

Frank J. Johnson, Esq.
Shawn E. Fields, Esq.
Johnson Bottini LLP
501 West Broadway
Suite 1720
San Diego, CA 92101

Willie C. Briscoe
The Briscoe Law Firm PLLC
8117 Preston Road
Suite 300
Dallas, TX 75225

Patrick W. Powers
Powers Taylor, LLP
Campbell Centre II
8150 N. Central Expressway
Suite 1575
Dallas, TX 75206

Alan D. Wingfield, Esq.
Timothy J. St. George, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box. 1122
Richmond, VA 23218-1122

Stuart W. Gold, Esq.
Julie A. North, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue

Worldwide Plaza
New York, NY 10019-7475

Stephen E. Baril, Esq.
Sands Anderson PC
1111 E. Main Street, Suite 2300
Richmond, VA 23219-2906


＿＿＿/s/ Robert M. Rolfe＿＿＿＿＿＿

Robert M. Rolfe, Counsel