IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BENJAMIN MOSTAED, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. CRAWFORD,<br>ROBERT H. FOGLESONG,<br>RICHARD M. GABRYS,<br>ROBERT B. HOLLAND,<br>BOBBY R. INMAN,<br>DAN R. MOORE,<br>BAXTER F. PHILLIPS, JR.,<br>STANLEY C. SUBOLESKI,<br>LINDA J. WELTY, MASSEY ENERGY COMPANY, and ALPHA NATURAL RESOURCES, INC.,<br><br>Defendants. | Case. No. 3:11-CV-079-REP |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, Linda J. Welty, Baxter F. Phillips (collectively, the "Director Defendants") and Massey Energy Company ("Massey," and, together with the Director Defendants, the "Defendants"), by counsel, for their Answer to the First Amended Class Action Complaint for Breach of Fiduciary Duty (the "Amended Complaint") state as follows.

1. Plaintiff's introductory opinions and commentary are not subject to a denial or admission. To the extent that an answer is required, Defendants deny, generally and specifically, each and every allegation contained in paragraph 1 of the Amended Complaint.

2. Paragraph 2 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants admit that Alpha Natural Resources, Inc. ("Alpha") and Massey filed a Form S-4 (the "Preliminary Proxy") on March 17, 2011 and refer to the Preliminary Proxy for its content. Defendants deny the remaining allegations of paragraph 2 of the Amended Complaint.

3. Paragraph 3 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the allegations of paragraph 3 of the Amended Complaint.

4. Defendants admit that upon the consummation of the proposed merger of Alpha and Massey (the "Proposed Merger") each Massey stockholder will receive $10 cash and 1.025 shares of Alpha common stock in exchange for each share of Massey common stock. Defendants deny the remaining allegations of paragraph 4 of the Amended Complaint.

5. Defendants admit that Massey and Alpha are named as Defendants in this action. Defendants deny the remaining allegations of paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations of paragraph 6 of the Amended Complaint.

7. Defendants admit that the Agreement and Plan of Merger ("Merger Agreement") includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 7 of the Amended Complaint.

8. Defendants admit that the Director Defendants oversee the business and corporate affairs of Massey and are in possession of private corporate information concerning Massey's assets, business, and future prospects. Defendants deny the remaining allegations of paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations of paragraph 9 of the Amended Complaint.

10. Defendants state that the allegations of paragraph 10 purport to describe the relief requested by Plaintiff and therefore do not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required.

12. Paragraph 12 of the Amended Complaint states a legal conclusion to which no response is required.

13. Paragraph 13 of the Amended Complaint states a legal conclusion to which no response is required.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint and therefore deny the same.

15. Defendants admit the allegations of paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations of paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations of paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations of paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations of paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations of paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations of paragraph 21 of the Amended Complaint.

22. Defendants admit the allegations of paragraph 22 of the Amended Complaint, with the exception that Defendants state that because of Defendant Holland's service on a Board committee empowered, charged and directed to investigate, review, evaluate and analyze the

facts, circumstances and allegations that are the subject of certain stockholder derivative actions and a stockholder demand, he has not acted as a member of the Safety and Environmental Committee.

23. Defendants admit the allegations of paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations of paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations of paragraph 25 of the Amended Complaint.

26. Defendants state that paragraph 26 is a statement of reference that does not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 26 of the Amended Complaint.

27. Paragraph 27 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 27 of the Amended Complaint to the extent that they mischaracterize applicable law.

28. Paragraph 28 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 28 of the Amended Complaint to the extent that they mischaracterize applicable law.

29. Defendants deny the allegations of paragraph 29 of the Amended Complaint.

30. Paragraph 30 states legal conclusions and therefore no response is required. To the extent an answer is required, Defendants deny the allegations of paragraph 30 of the Amended Complaint.

31. Paragraph 31 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations of the first two sentences of paragraph 32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Amended Complaint and therefore deny same.

33. Defendants admit that on May 2, 2007, Elliott Gue of the The Energy Strategist investment service posted a blog on the Investing Daily website titled "King Coal." Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Amended Complaint and therefore deny same.

34. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint and therefore deny same.

35. Defendants admit that on January 12, 2011, Massey's stock closed at $58.04 per share. Defendants deny the remaining allegations of paragraph 35 of the Amended Complaint.

36. Defendants admit that on January 29, 2011, Massey and Alpha issued a joint press release entitled "Alpha Natural Resources and Massey Energy Agree to $8.5 Billion Combination." The allegations of paragraph 36 of the Amended Complaint are denied to the extent that they vary from the text of the document itself.

37. Defendants admit the allegations of paragraph 37 of the Amended Complaint.

38. Defendants admit that the Merger Agreement includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 38 of the Amended Complaint.

39. Defendants admit that Section 4.02 of the Merger Agreement includes a "no solicitation" provision and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 39 of the Amended Complaint.

40. Defendants admit that Section 5.06 of the Merger Agreement provides a $251 million termination fee and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 40 of the Amended Complaint.

41. Defendants admit that the Merger Agreement includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 41 of the Amended Complaint.

42. Defendants admit that the Merger Agreement includes a $251 million termination fee and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 42 of the Amended Complaint.

43. Defendants admit that the Merger Agreement contains an indemnification clause and that Massey filed a Form 10-Q on November 8, 2010. Defendants refer to the Merger Agreement and the Form 10-Q for their contents. Defendants deny the remaining allegations of paragraph 43 of the Amended Complaint.

44. Defendants admit that Massey will become a wholly owned subsidiary of Alpha upon the consummation of the Proposed Merger. Defendants deny the remaining allegations of paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations of paragraph 45 of the Amended Complaint.

46. Defendants admit that Massey's stock closed at $58.04 on January 12, 2011, and that Alpha has offered a combined value of $69.33 per share of Massey common stock. Defendants deny the remaining allegations of paragraph 46 of the Amended Complaint.

47. Defendants admit that Massey's stockholders will receive Alpha stock in exchange for their Massey stock. Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 47 and therefore deny the same. Defendants deny the remaining allegations of paragraph 47 of the Amended Complaint.

49. Paragraph 48 states a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 48 of the Amended Complaint to the extent that they mischaracterize applicable law.

49. The Director Defendants admit that they possess non-public information concerning the financial condition and prospects of Massey. Defendants deny the remaining allegations of paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations of paragraph 50 of the Amended Complaint.

51. Paragraph 51 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 51 of the Amended Complaint to the extent that they mischaracterize applicable law.

52. Defendants deny the allegations of paragraph 52 of the Amended Complaint.

53. Defendants state that the allegations in paragraph 53 purport to describe this action and therefore do not require a response.

54. Paragraph 54 states a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 54 of the Amended Complaint.

55. Paragraph 55 states a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 55 of the Amended Complaint.

56. Paragraph 56 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 56 of the Amended Complaint.

57. Paragraph 57 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 57 of the Amended Complaint.

58. Paragraph 58 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 58 of the Amended Complaint.

59. Defendants admit the allegations of paragraph 59 of the Amended Complaint.

60. Paragraph 60 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 60 of the Amended Complaint

61. Paragraph 61 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61 of the Amended Complaint.

## COUNT I
### (Class Claim for Violations of §14(a) of the Securities Exchange Act Against All Defendants)

62. The Defendants repeat each and every response to the prior paragraphs as if fully set forth in full herein.

63. Paragraph 63 states legal conclusions and therefore no response is required.

64. Paragraph 64 states legal conclusions and therefore no response is required. To the extent that a response is required, Defendants admit that Alpha and Massey filed the Preliminary Proxy on March 17, 2011 and refer to the Preliminary Proxy for its contents. Defendants deny the remaining allegations of paragraph 64 of the Amended Complaint.

65. Paragraph 65 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 65 of the Amended Complaint and refer to the Preliminary Proxy for its contents.

66. Paragraph 66 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 66 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

67. Paragraph 67 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 67 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

68. Defendants deny the allegations of paragraph 68 of the Amended Complaint, except refer to the Preliminary Proxy for its content.

69. Paragraph 69 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 69 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

70. Defendants deny the allegations of paragraph 70 of the Amended Complaint, except refer to the Preliminary Proxy for its content.

71. Defendants deny the allegations of paragraph 71 of the Amended Complaint, except refer to the Preliminary Proxy for its content.

72. Paragraph 72 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 72 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

73. Paragraph 73 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 73 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

74. The Defendants deny the allegations of paragraph 74 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

75. The Defendants deny the allegations of paragraph 75 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

76. Paragraph 76 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 76 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

77. Paragraph 77 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 77 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

78. The Defendants deny the allegations of paragraph 78 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

79. Paragraph 79 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 79 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

80. The Defendants deny the allegations of paragraph 80 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

81. Paragraph 81 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 81 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

82. Paragraph 82 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 82 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

83. The Defendants deny the allegations of paragraph 83 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

84. The Defendants deny the allegations of paragraph 84 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

85. The Defendants deny the allegations of paragraph 85 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

86. The Defendants deny the allegations of paragraph 86 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

87. Paragraph 87 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 87 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

88. The Defendants deny the allegations of paragraph 88 of the Amended Complaint, except refer to the Preliminary Proxy for its contents.

## COUNT II
### (Class Claim For Violation of §20(a) of the 1934 Act Against Massey and the Individual Defendants)

89. The Defendants repeat each and every response to the prior paragraphs as if fully set forth in full herein.

90. Paragraph 90 states legal conclusions and therefore no response is required. To the extent that an answer is required, Defendants deny the remaining allegations of paragraph 90 of the Amended Complaint.

91. Defendants state that paragraph 91 state legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 91 of the Amended Complaint.

## COUNT III
### (Claim for Breach of Fiduciary Duties Against the Individual Defendants)

92. The Defendants repeat each and every response to the prior paragraphs as if fully set forth in full herein.

93. Defendants deny the allegations of paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations of paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations of paragraph 95 of the Amended Complaint.

96. Defendants deny the allegations of paragraph 96 of the Amended Complaint.

97. The Director Defendants admit that they oversee the business and corporate affairs of Massey and are in possession of private corporate information concerning the Company's assets. Defendants deny the remaining allegations of paragraph 97 of the Amended Complaint.

98. Defendants deny the allegations of paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations of paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations of paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations of paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations of paragraph 102 of the Amended Complaint.

## COUNT IV
**(Aiding and Abetting the Individual Defendants' Breaches of Fiduciary Duty Against Defendants Massey and Alpha)**

103. The Defendants repeat each and every response to the prior paragraphs as if fully set forth in full herein.

104. Defendants state that the allegations of paragraph 104 of the Amended Complaint purport to describe this action and therefore do not require a response.

105. Defendants deny the allegations of paragraph 105 of the Amended Complaint.

106. Defendants deny the allegations of paragraph 106 of the Amended Complaint.

107. Defendants deny the allegations of paragraph 107 of the Amended Complaint.

108. Defendants deny the allegations of paragraph 108 of the Amended Complaint.

109. Defendants deny the allegations of paragraph 109 of the Amended Complaint.

110. Defendants deny the allegations of paragraph 110 of the Amended Complaint.

111. Defendants deny the allegations of paragraph 111 of the Amended Complaint.

112. Defendants deny any allegation not specifically admitted, including any allegations contained in any headings.

113. Defendants deny that they are liable for any of the relief requested in the WHEREFORE clause of the Amended Complaint.

## DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court does not have personal jurisdiction over Defendants Inman, Foglesong, Gabrys, Holland, Moore, and Welty.

### THIRD DEFENSE

Plaintiff's action should be stayed for the reasons set forth in Defendants' memorandum and reply memorandum in support of their Motion to Stay (Docket No. 12).

### FOURTH DEFENSE

Massey cannot aid and abet itself in breaching a fiduciary duty.

### FIFTH DEFENSE

The terms of the Merger Agreement are standard in the industry.

### SIXTH DEFENSE

Any alleged omissions to the Preliminary Proxy or the Second Amended Joint Proxy Statement filed on April 29, 2011, are not material.

### SEVENTH DEFENSE

Any alleged disclosure deficiencies have been cured by the filing of Massey's and Alpha's Second Amended Joint Proxy Statement on April 29, 2011.

### EIGHTH DEFENSE

Plaintiffs have suffered no damages proximately caused by Defendants' conduct.

### NINTH DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiff's claim is not typical of the claims of each

putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claim and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### TENTH DEFENSE

Maintenance of this action as a class action is impermissible to the extent that it would violate Defendants' right to confront any witnesses against it, as provided in the Sixth Amendment to the United States Constitution.

### ELEVENTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, and against Plaintiff, dismiss Plaintiffs' Complaint with prejudice, assess the costs of this action including attorneys' fees against Plaintiff, and grant Defendants such further relief as this Court deems just and appropriate.

> **MASSEY ENERGY COMPANY, JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, STANLEY SUBOLESKI, AND LINDA J. WELTY**
>
> By: /s/ Timothy J. St. George
> Of Counsel

Alan D. Wingfield (VSB No. 27489)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122 Telephone: (804) 697-1254 Facsimile: (804) 698-6013
alan.wingfield@troutmansanders.com
tim.stgeorge@troutmansanders.com

Stuart W. Gold, Esq.
Julie A. North, Esq.
CRAVATH, SWAINE & MOORE LLP 825 Eighth Avenue
Worldwide Plaza
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendants Massey Energy Company, James B. Crawford, Robert H. Foglesong, Richard M Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, and Linda J. Welty*

                                              **BAXTER F. PHILLIPS**

                                        By: /s/ Stephen E. Baril
                                               Of Counsel

Stephen E. Baril (VSB No. 19604)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2300 Richmond, VA 23219-2906 Telephone: (804) 783-7234
Facsimile: (804) 783-7291
SBaril@SandsAnderson.com

*Attorneys for Defendant Baxter F. Phillips, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May 2011, I caused a true and correct copy of the foregoing to be filed on the Electronic Case Filing System, which will send a notice of electronic filing to:

>Shiva Sharifahmandian, Esq.
>FINKLESTEIN THOMPSON LLP
>1050 30th Street, NW
>Washington, DC 20007
>
>Frank J. Johnson, Esq.
>Shawn E. Fields, Esq.
>JOHNSON BOTTINI LLP
>501 West Broadway
>Suite 1720
>San Diego, CA 92101
>
>*Attorneys for Plaintiff*

>/s/ Timothy J. St. George
>Timothy J. St. George (VSB No. 77349)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box. 1122
>Richmond, VA 23218-1122
>Telephone: (804) 697-1254
>Facsimile: (804) 698-6013
>tim.stgeorge@troutmansanders.com