IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BENJAMIN MOSTAED, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES B. CRAWFORD,<br>ROBERT H. FOGLESONG,<br>RICHARD M. GABRYS,<br>ROBERT B. HOLLAND,<br>BOBBY R. INMAN,<br>DAN R. MOORE,<br>BAXTER F. PHILLIPS, JR.,<br>STANLEY C. SUBOLESKI,<br>LINDA J. WELTY, MASSEY ENERGY COMPANY, and ALPHA NATURAL RESOURCES, INC.,<br><br>    Defendants. | Case. No. 3:11-CV-079-REP |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY**

Defendants, James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, Linda J. Welty, Baxter F. Phillips, Massey Energy Company ("Massey") and Alpha Natural Resources, Inc. ("Alpha" and collectively, the "Defendants"), by counsel, for their memorandum in support of their Motion for a Protective Order to Stay Discovery state as follows:

**PRELIMINARY STATEMENT**

Defendants are forced to file this motion for a protective order because Plaintiff has unreasonably refused to wait even until the initial pre-trial conference before undertaking an expansive discovery effort that is in any event improper. Defendants respectfully seek a protective order with regard to discovery sought and depositions noticed—including for May 31 and June 1—until this Court at least has the opportunity to consider, on June 2, the appropriate schedule for this case and Defendants' pending motion to stay.

Plaintiff seeks to block the merger of Massey, a Delaware corporation, and Alpha, also a Delaware corporation, on the basis of claims largely governed by Delaware law. Plaintiff's suit parallels a prior Delaware proceeding, *In re Massey Energy Co. Derivative and Class Action Litig.*, C.A. No. 5430-VCS (Del. Ch.) (the "Delaware Action"), which was filed in April 2010, and amended on January 31, 2011, to include claims that are virtually identical in substance to the claims alleged by plaintiff here. Consequently, on March 11, 2011, defendants filed a motion to stay the proceedings in this matter and in two related matters also pending in this district (*Perkins v. Crawford, et al.*, 3:11-cv-00082, and *Mandel v. Crawford, et al.*, 3:11-cv-120) (together with *Mostaed*, the "Virginia Actions") under the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and this motion is currently pending before this Court.

Substantial discovery has taken place in the Delaware Action, including the production of hundreds of thousands of pages of documents and an accompanying privilege log related to the proposed merger and the depositions of nine witnesses,

2

including directors and officers of both Alpha and Massey. Plaintiffs in the Delaware Action have moved for a preliminary injunction, a hearing on that motion took place on the afternoon of May 26, 2011, after full briefing on the relevant issues, and a decision on that motion is expected by May 31, 2011, in advance of the scheduled June 1 shareholder vote on the merger. Plaintiff, who is a member of the purported class in the Delaware Action, has not objected to or in any way sought to prevent the Delaware Action from proceeding, and indeed has asked for and been provided with copies of every document produced by Massey and Alpha in that litigation. Henry Mandel, a plaintiff in a related proceeding before this Court and purporting to represent the same class as Plaintiff on virtually identical claims, has agreed that a stay of his proceedings is warranted under these circumstances. (*See* Ex. A, Proposed Agreed Order, *Mandel v. Crawford*, No. 3:11-CV-0120-REP (Apr. 19, 2011)).

Having previously appeared content to allow the plaintiffs in the first-filed Delaware Action to take the lead in litigating these matters, Plaintiff has now sprung into action and seeks to conduct seven depositions starting on May 31, 2011, notwithstanding the fact that six of the seven key officers and directors whose depositions he has noticed were already deposed just this month on identical issues in the Delaware Action.[1] This alone demonstrates that Plaintiff's discovery demands are unnecessary and improper.

---

[1] At the appropriate time, the appointed lead plaintiff in this matter may seek discovery of the deposition transcripts from the Delaware proceeding and, pursuant to Federal Rule of Civil Procedure 32(a)(8), may use those depositions in this proceeding as if they were taken herein, thus obviating any need to re-depose the individuals who have already been deposed in the Delaware proceeding on the exact same issues implicated here.

There are several additional reasons why Plaintiff is not entitled to proceed with the discovery he seeks. <u>First</u>, in view of the pending stay motion any further discovery should await resolution of that motion. <u>Second</u>, by virtue of Plaintiff's decision to amend his complaint to include federal securities claims, his complaint is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and its requirements. Yet, aside from filing a certification on May 23, 2011, that was required to have been filed with his May 3 Amended Complaint, Plaintiff has made no effort to comply with the applicable requirements of the PSLRA or the process for appointing a lead plaintiff, all of which are prerequisites to Plaintiffs' attempt to direct discovery on behalf of the purported class. Moreover, all discovery in this matter is automatically stayed pursuant to the mandatory stay provisions of the PSLRA.

For all these reasons, Defendants move for a protective order relieving them of any obligation to object or otherwise respond to Plaintiff's discovery demands and deposition notices at the present time. In addition, Defendants respectfully seek an interim protective order with regard to discovery sought and depositions noticed—including for May 31 and June 1—until this Court at least has the opportunity to consider, on June 2, the appropriate schedule for this case and Defendants' pending motion to stay. A proposed order to this effect is submitted herewith.

## STATEMENT OF FACTS

As set forth more fully in the statement of facts in Defendants' March 11, 2011, Memorandum of Law in Support of their Motion to Stay—which Defendants incorporate herein by reference—Plaintiff filed this action on February 2, 2011, seeking to enjoin the merger of Massey and Alpha. Two days later, the same counsel filed a

4

carbon copy of the *Mostaed* complaint on behalf of a different plaintiff, William Perkins (*Perkins v. Crawford, et al.*, 3:11-cv-00082). On February 18, 2011, the same claims were made in a third complaint by plaintiff Henry Mandel (*Mandel v. Crawford, et al.*, 3:11-cv-120). The claims in these three Virginia Actions were and are substantially identical to those asserted in the earlier-filed Delaware Action.

On March 11, 2011, Defendants moved to stay the Virginia Actions under the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of the parallel, prior-filed Delaware Action. That motion was fully briefed as of March 28, 2011 and is currently pending before this Court.

On April 4, 2011, in a transparent attempt to concoct an argument that his claims are different from those asserted in the Delaware Action, Plaintiff filed an amended complaint adding disclosure claims under the federal securities laws relating to the preliminary Form S-4 filed with the Securities and Exchange Commission in connection with the merger.[2] But all of Plaintiff's disclosure claims were mooted by subsequent disclosures or otherwise addressed in the definitive proxy statement filed with the SEC on April 29, 2011. (*See* Ex. B, Appendix A.) As such, Plaintiff's amended complaint does nothing to change the parallel nature of the Virginia Actions and the Delaware Action.

---

[2] Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff's amended complaint was not timely filed as of right because it was filed more than 21 days after filing of the original complaint, and no responsive pleading to the original complaint had yet been filed. Subsequently, the parties agreed by stipulation to deem the amended complaint timely filed as of May 3, 2011, in light of the fact that Defendants had answered the original complaint in the intervening time.

In the intervening time, the Delaware Action has proceeded at an extremely accelerated pace. Between March 1, 2011 and the present, Massey and Alpha alone have produced over 330,000 pages of documents in response to the Delaware plaintiffs' discovery requests. Pursuant to Plaintiff's informal request in this matter, his counsel has already been provided a copy of every one of those documents. Between May 9 and May 12, 2011, the Delaware plaintiffs conducted depositions of nine witnesses regarding the same claims at issue here.[3] Briefing on the Delaware plaintiffs' motion for a preliminary injunction to enjoin the merger was completed by May 24, 2011, and the motion was heard by Vice Chancellor Strine of the Delaware Chancery Court on the afternoon of May 26, 2011. Pending resolution of plaintiffs' preliminary injunction motion, which is expected to be decided on or before May 31, 2011, Massey and Alpha shareholders, respectively, are scheduled to vote on June 1, 2011 whether the merger should close and, if approved, the merger is expected to close immediately thereafter.

On May 16, 2011—*after* the Court had already set a June 2, 2011 pre-trial conference in this matter—Plaintiff served document requests and deposition notices. Despite having already received every document produced to the Delaware plaintiffs by Massey and Alpha, Plaintiff's document requests reflect no effort whatsoever to limit the requests to items, if any, not already searched for and produced in the Delaware Action. Moreover, Plaintiff noticed the deposition of seven current or former officers of Massey

---

[3] Plaintiff's counsel requested an opportunity to participate in the Delaware depositions, and Defendants indicated that they had no objection to their doing so. We understand that Delaware plaintiffs' counsel objected to Plaintiff's participation—perhaps recognizing that any questioning relevant to the Virginia Actions would likely be duplicative of questioning related to the Delaware Action.

and Alpha to occur before June 10, 2011, including two depositions noticed to occur before the Court has had an opportunity to consider the pending stay motions at the June 2, 2011, hearing in this matter. Defendants' counsel has conferred with Plaintiff's counsel by telephone under Local Civil R. 37 in a good-faith attempt to resolve this matter, but Plaintiff's counsel has refused to withdraw any of its discovery demands or deposition notices or even to defer any depositions until after the parties can obtain the guidance of the Court at the June 2 conference, in light of Defendants' position that discovery should be stayed.

Simultaneous with the filing of this motion, Defendants have notified Plaintiff that, for the reasons set forth in this motion, and because the dates and locations of the noticed depositions were *not* the product of consultation with Defendants' counsel as to the availability and convenience of individual witnesses and counsel, thereby creating numerous logistical conflicts, the witnesses noticed for deposition on May 31, 2011, and June 1, 2011, will not be made available on those dates.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), and consistent with the maxim that the federal rules are to be administered to secure the just, speedy and inexpensive determination of every action and proceeding, the Court is empowered to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

7

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . ."

For the reasons set forth below, a protective order in favor of Defendants is warranted here.

### I. PLAINTIFF'S DISCOVERY REQUESTS AND DEPOSITIONS NOTICES ARE SIMPLY AN ATTEMPT TO EVADE RESOLUTION OF THE MERITORIOUS MOTION TO STAY THIS PROCEEDING.

Plaintiff should not be permitted to engage in any discovery (beyond the substantial discovery that has already been provided to him from the Delaware Action) until, at the earliest, the Court rules on Defendants' pending motions to stay the Virginia Actions. Defendants filed their motions to stay on March 11, 2011, and those motions have been fully briefed. The Court has scheduled an initial pretrial conference in this matter for June 2, 2011, at which time the Court, among other things, will consider setting this case for trial, a decision that necessarily will involve consideration of Defendants' motions to stay the entire Virginia proceedings in favor of the substantially identical proceeding in Delaware. In light of the upcoming hearing, it defies common sense for Plaintiff to proceed with discovery—including depositions unilaterally noticed for May 31 and June 1—in advance of a determination on Defendants' motions to stay.[4] The only potential source of urgency appears to be Plaintiff's desire to make an end run around the Defendants' stay motion by squeezing in as much discovery as he can muster before the Court will have had an opportunity to decide that motion. Therefore,

---

[4] The noticed deposition of Don Blankenship is ineffective for the additional reason that Mr. Blankenship is not a party to this action and is not currently an officer, director or managing agent of a party to this action. Therefore, only a subpoena could properly require Mr. Blankenship's attendance at a deposition, and no such subpoena has been issued. The current notice is therefore of no force or effect with respect to Mr. Blankenship.

Defendants respectfully submit that, at a minimum, a protective order should issue staying all discovery until such time as the Court will have resolved the pending motions to stay the Virginia Actions.

Defendants' motion to stay this proceeding has only become more compelling since it was filed. Substantial discovery has been undertaken in the Delaware Litigation and the preliminary injunction motion will be decided imminently. The continued progress of that litigation provides further grounds for staying this proceeding.

Plaintiff's amendment on May 3, 2011, to assert disclosure claims under the federal securities laws does not undermine the basis of Defendants' motions to stay the Virginia Actions. *See* First Am. Compl. (Docket No. 21). The presence of a federal Section 14(a) claim does not render a parallel state court action non-parallel (for purposes of a *Colorado River* analysis). *See Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96C2816, 1996 WL 494273, at *4-5 (N.D. Ill. Aug. 27, 1996) ("Delaware common law recognizes claims based on material misstatements or omission in proxies, similar to those brought under § 14(a) of the 1934 Act," so federal abstention was appropriate because plaintiff "could have, therefore, if it chose, brought the[] very same claims which it makes [in federal court] in [state] court based on Delaware law"). Plaintiff's disclosure claims are substantially similar to those alleged in the Delaware Litigation. *Compare* First Am. Compl. ¶¶ 62-88 with Delaware Third Am. Deriv. and Class Action Compl. ¶¶ 117-125 (Ex. C (excerpt)). While Plaintiff here chose to style his disclosure claims as claims under the federal securities laws, he could just as easily have asserted them as breaches of fiduciary duty under Delaware law, as did the Delaware plaintiffs. Moreover, as noted above, all of Plaintiff's disclosure claims were mooted by subsequent

disclosures or were otherwise addressed in the definitive proxy statement filed on April 29, 2011, and these claims therefore cannot serve as the basis for an argument that the claims in this action are different than those asserted in the Delaware Action. (*See* Appendix A.) *See also J.I.K. Realty Co. v. Steward*, No. 87 C 2839, 1989 WL 165114, at *4 (N.D. Ill. Dec. 28, 1989) (finding cases parallel where "[o]n the truly disputed issues . . . there is complete duplication"). Accordingly, the basis for *Colorado River* abstention remains strong.

II. **DISCOVERY CANNOT PROCEED BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH THE PROVISIONS OF THE PSLRA REQUIRING APPOINTMENT OF A LEAD PLAINTIFF.**

Plaintiff's inclusion of federal securities law claims provides an independent basis for staying discovery in this action. A protective order against the requested discovery should issue based on Plaintiff's failure to comply with the provisions of the PSLRA regarding the appointment of a lead plaintiff. The PSLRA—which Plaintiff does not dispute applies to his federal securities claims—requires that, "not later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a public notice advising members of the purported class of the pendency of the action and that any member of the purported class may move the court within 60 days for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Not later than 90 days after publication of the notice, the Court shall consider any motion for appointment as lead plaintiff and shall appoint the member of the purported class most capable of adequately representing the interests of the class. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA mandates that, in making that decision, the court consider the purported class member who "has the largest financial interest in the relief sought by the class" (and meets certain other requirements) to be the presumptive lead plaintiff. *Id.* § 78u-4(a)(3)(B)(iii). The purpose

10

of the lead plaintiff provisions of the PSLRA "is to ensure that the prosecution of the action is coordinated only by those who have a serious and legitimate interest in doing so on behalf of the putative class". *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999). There is no indication here that Plaintiff has complied or even attempted to comply with any of the above requirements of the PSLRA, despite being informed of such requirements by Defendants on numerous occasions.

Plaintiff's failure to comply with these provisions bars his current efforts to proceed with discovery. The PSLRA's statutory scheme clearly contemplates that a lead plaintiff will be appointed *before* the commencement of fact discovery. *See, e.g., Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451, 2011 U.S. Dist. LEXIS 16813, at *16 (N.D. Cal. Feb. 15, 2011) ("District courts must select lead plaintiffs at a very early stage of litigation, before fact discovery and often long before the plaintiff's theory of the case is fully developed."); *Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008) ("the appointment of lead plaintiffs occurring as it does in advance of class discovery . . ."); *Casden v. HPL Techs., Inc.*, No. C-02-3510, 2003 U.S. Dist. LEXIS 19606, at *38-39 (N.D. Cal. Sept. 29, 2003) ("Given the fact that the court has just ruled on the motions for appointment of lead plaintiff and counsel . . . no discovery stay is currently in effect."). Indeed, it would make little sense for a court to go through the process of appointing the most adequate lead plaintiff only to have him be bound by the discovery record already created by the less adequate plaintiff who happened to be named in the complaint. If the PSLRA's lead plaintiff requirements are to have any meaning at all, it cannot be the case that Plaintiff here is free to take the depositions of all of the key witnesses in this matter—or any witness, for that matter—before he has made

11

a showing that he is the most adequate representative to manage the litigation on behalf of the class, or provided any other class member the opportunity to make that showing. Therefore, Plaintiff's effort to engage in discovery at this time must be denied.

## III. DISCOVERY IS BARRED BY THE PSLRA'S MANDATORY STAY.

The PSLRA provides that, in all private actions arising under the federal securities laws, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss". 15 U.S.C. § 78u-4(b)(3)(B). This mandatory stay provision embodies the policy of the PSLRA to deter non-meritorious claims by "deny[ing] discovery until a complaint has been authoritatively sustained by the court". *Malin v. XL Capital Ltd.*, No 3:03-cv-2001, 2007 WL 433329, at *4 (D. Conn. Feb. 6, 2007). Because Plaintiff amended his complaint to add federal securities claims, he must now abide by the mandatory discovery stay to which he has chosen to subject himself.

In recent correspondence with defense counsel, Plaintiff's counsel implicitly conceded that the PSLRA discovery stay would apply to this action, but for two arguments they made in defense of the requested discovery: 1) that the stay is only triggered when a motion to dismiss has actually been filed, such that Defendants' May 3, 2011, expression of an intent to file a 12(c) motion to dismiss on the pleadings was insufficient to trigger the stay; and 2) that Plaintiff is nevertheless entitled to pursue discovery as to his state law non-fraud claims.[5] (*See* Ex. D, Letter from Frank Johnson.) Plaintiff is wrong on both counts.

---

[5] In a telephone call to discuss these matters, Plaintiff's counsel also suggested that, if the PSLRA stay did apply to the Mostaed matter, he would simply serve the same discovery requests in Perkins, a case brought by the same counsel, which does not assert any federal securities claim (notwithstanding the fact that Plaintiff has moved to

12

It has repeatedly been held, including by district courts within the Fourth Circuit, that the indication of an intent to file a motion to dismiss is sufficient to trigger the PSLRA's mandatory stay. *See, e.g.*, *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 682-83 (D. Md. 2000) (the discovery stay is triggered by "the mere indication by defense of its intention to file a motion to dismiss" as "the term 'pendency' does not necessarily connote the formal framing of an issue through a filing. It can just as easily be interpreted as connotating the period while an issue is unresolved."); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 CIV. 342, 1999 WL 223158, at *1 (S.D.N.Y. Apr. 16, 1999) (court stayed discovery because "defendants indicated that they would be filing a motion to dismiss"); *In re Trump Hotel S'holder Deriv. Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (motion to lift stay denied on defendants' representation that a motion to dismiss would be filed); *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003) (stay applies not only where the motion to dismiss has actually been filed, but where "it is anticipated that such a motion will be filed in the future"). While Plaintiff's counsel cites two cases in his May 23, 2011, letter that hold otherwise,[6] those cases are against the weight of authority and neglect to consider that a failure to stay discovery while a motion to dismiss is contemplated would frustrate the intent of the PSLRA. For example, such a holding would allow plaintiffs to seek discovery in the interim period between the filing of an amended complaint and the motion to dismiss that complaint, despite the fact that the

---

consolidate Perkins with Mostaed.) If counsel were to attempt that, such gamesmanship, which seeks to elevate form over substance, should not be countenanced.

[6] The third case that Plaintiff's counsel cites, *Rosenbaum & Co. v. H.J. Myers & Co.*, 1997 U.S. Dist. LEXIS 15720, at *4-5 (E.D. Pa. 1997), does not address the issue at all.

13

court would not yet have sustained the sufficiency of that pleading. Thus, where, as here, Defendants have indicated an intent to move to dismiss the operative pleading before the Court has ever sustained its sufficiency, all discovery is stayed pending the Court's decision on that motion.

Plaintiff's contention that he may nevertheless pursue discovery on his state law claims is likewise contradicted by the weight of authority. There is nothing in the text or legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there also happen to be state law claims. *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 U.S. Dist. LEXIS 42646, at *8 (S.D.N.Y. June 26, 2006); *In re Trump*, 1997 WL 442135, at *2. "The PSRLA stay is not limited to discovery related to securities claims. Rather, the stay applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged." *In re Smith Barney*, 2006 U.S. Dist. LEXIS 42646, at *8-9; *see also Riggs v. Termeer*, No. 03 Civ. 4014, 2003 U.S. Dist. LEXIS 9634, at *2 (S.D.N.Y. June 9, 2003) (holding that the PSLRA discovery stay applies to related, non-securities state law claims).

Indeed, if plaintiffs could circumvent the stay by simply including non-securities claims in a complaint, the PSLRA's requirements would be rendered meaningless. *Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 U.S. Dist. LEXIS 14349, at *12 (N.D. Ill. Aug. 2, 2002) ("[L]ifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and would be an improper end run around the PSLRA."). "Congress could not possibly have intended for the PSLRA to be so easily marginalized." *In re AOL Time Warner, Inc., Sec. & ERISA*

*Litig.*, No. 02 Civ. 8853, 2003 U.S. Dist. LEXIS 16895, at *7 (S.D.N.Y. Sept. 26, 2003).[7] Since Plaintiff's state and federal law claims here unquestionably both arise from the same set of facts—the proposed merger of Massey and Alpha—it is difficult to imagine how the parties or the Court could draw any reasonable line between what discovery relates to one and not the other set of claims. Discovery as to Plaintiff's state law claims would therefore eviscerate the PSLRA's mandatory stay and should not be permitted until such time as the stay is lifted in due course pursuant to the requirements of the PSLRA.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that a protective order should issue staying all discovery in this matter until the later of: (1) resolution of the parallel Delaware Action; (2) appointment of a lead plaintiff in this matter pursuant to the requirements of the PSLRA; or (3) the lifting of the mandatory PSLRA stay by virtue of resolution of all contemplated motions to dismiss in this matter. Defendants also respectfully request immediate entry of the attached proposed order to make clear that all discovery, depositions and associated deadlines are stayed until at least such time as the Court has an opportunity to consider these matters at the June 2, 2011, hearing.

---

[7] In his May 23 letter, Plaintiff's counsel cites a single case, *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166-67 (S.D.N.Y. 2001), that declines to apply the PSLRA stay to interrelated state law claims. But if the holding of *Tobias* were correct—and it is not—it would, for example, appear to encourage plaintiffs to depose each deponent in an action twice, once to address plaintiffs' state law claims and then again when the stay is lifted to address plaintiffs' federal securities claims. Alternatively, if there is substantial overlap in the discovery relevant to each set of claims, the failure to stay discovery on the state law claims would eviscerate the stay with respect to the federal securities claims. This cannot be the result that Congress intended.

          **MASSEY ENERGY COMPANY, JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, STANLEY SUBOLESKI, AND LINDA J. WELTY**

By:   /s/ Timothy J. St. George     
                 Of Counsel

Alan D. Wingfield (VSB No. 27489)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
alan.wingfield@troutmansanders.com
tim.stgeorge@troutmansanders.com

Stuart W. Gold, Esq.
Julie A. North, Esq.
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendants Massey Energy Company, James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, and Linda J. Welty*

/s/ Stephen E. Baril          
Stephen E. Baril (VSB No. 19604)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2300
Richmond, VA 23219-2906
Telephone: (804) 783-7234
Facsimile: (804) 783-7291
SBaril@SandsAnderson.com

*Attorneys for Defendant Baxter F. Phillips, Jr.*

/s/ Robert M. Rolfe
Robert M. Rolfe (VSB No. 15779)
Erin L. Barrett (VSB No. 74928)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8466
rrolfe@hunton.com


Mitchell A. Lowenthal
Boaz S. Morag
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

*Attorneys for Defendant Alpha Natural Resources, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2011, I caused a true and correct copy of the foregoing to be filed on the Electronic Case Filing System, which will send a notice of electronic filing to:

>Shiva Sharifahmandian, Esq. (VSB No. 75441)
>FINKLESTEIN THOMPSON LLP
>1050 30th Street, NW
>Washington, DC 20007
>
>Frank J. Johnson, Esq.
>Shawn E. Fields, Esq.
>JOHNSON BOTTINI LLP
>501 West Broadway
>Suite 1720
>San Diego, CA 92101
>
>*Attorneys for Plaintiff*

>/s/ Timothy J. St. George
>Timothy J. St. George (VSB No. 77349)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box. 1122
>Richmond, VA 23218-1122
>Telephone: (804) 697-1254
>Facsimile: (804) 698-6013
>tim.stgeorge@troutmansanders.com