

JOHNSON &
WEAVER LLP
ATTORNEYS AT LAW

Shawn E. Fields
Direct Dial: (619) 309-4423
shawnf@johnsonandweaver.com

May 26, 2011

**VIA EMAIL AND U.S. MAIL**

Stuart W. Gold
Cravath, Swaine & Moore LLP
825 8th Avenue, Worldwide Plaza
New York, NY 10019
(Tel) 212-474-1394
(Fax) 212-474-3700

  Re: *Mostaed v. Crawford et al., Civil Action No.: 3:11-cv-00079-REP*

Dear Mr. Gold,

  I write in response to concerns you raised during our telephonic conference on May 18, 2011, regarding Plaintiff Mostaed's First Request for Production of Documents and Notice of Depositions. In the call you indicated your belief that such discovery requests were improper because you believed that all discovery in this action is currently stayed pursuant to the automatic stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

  The plain language of the statute states otherwise. *See* 15 U.S.C. 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed ***during the pendency of any motion to dismiss . . .***") (emphasis added). Thus, the automatic stay provision is only triggered when a motion to dismiss has been filed. Courts interpreting the PSLRA agree. *See Dartley v. Ergobilt, Inc.*, 1998 U.S. Dist. LEXIS 17751, at *5 (N.D. Tex. 1998) ("[U]nder the PSLRA, discovery must be stayed only when a motion to dismiss has actually been filed."); *see also Novak v. Kasaks*, 1996 U.S. Dist. LEXIS 11778, at *1 (S.D.N.Y. 1996) (denying "request to stay discovery . . . prior to the filing of a motion to dismiss"); *Rosenbaum & Co. v. H.J. Myers & Co.*, 1997 U.S. Dist. LEXIS 15720, at *4-5 (E.D. Pa. 1997) (agreeing to stay discovery only after defendants filed a motion to dismiss). Here, defendants have not yet filed a motion to dismiss; thus, the PSLRA's automatic stay provision has not yet been triggered.

  The fact that defendants expressed their intention to file a motion to dismiss on May 3, 2011, does not change the analysis. As the court explained in *Dartley*, a mere expression of

501 W. BROADWAY • SUITE 1720 • SAN DIEGO, CA 92101
www.johnsonandweaver.com • Tel: 619.230.0063 • Fax: 619.238.0622



EXHIBIT D

*Mostaed v. Crawford et al., Civil Action No.: 3:11-cv-00079-REP*
May 23, 2011
Page 2

intent to file a motion to dismiss does not trigger the automatic stay provision of the PSLRA. 1998 U.S. Dist. LEXIS, at *5 (rejecting "Defendants argu[ment] that the PSLRA discovery stay provision applies in this case because [Defendants are] certain that they will file a motion to dismiss").

Moreover, even if the automatic stay provision applied at this stage as to Plaintiff's PSLRA claims, Plaintiff is entitled to pursue discovery as to his non-fraud state law claims. *See Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166-67 (S.D.N.Y. 2001) (holding that, "although plaintiff's state law claims arise from the same set of facts as the federal securities claims, they are separate and distinct claims . . . [allowing discovery] based on the presence of non-fraud common law claims brought under diversity jurisdiction would not frustrate the will of Congress.").[1]

In addition, courts often lift the automatic stay under the PSLRA when documents have already been produced in related litigations, at least as to those documents already produced. *See In re Bank of Am. Corp. Sec. Litig.*, 2009 U.S. Dist. LEXIS 108322, at *8 (S.D.N.Y. 2009) ("Discovery is moving apace in parallel litigation. Without access to documents produced in those proceedings, plaintiffs in these cases will be unduly prejudiced . . . Lifting the discovery stay will not frustrate Congress's purposes in enacting the provision . . . Accordingly, the Lead Plaintiffs' motion to lift the stay on discovery is granted as to the documents already produced in the related matters."). Thus, even if you file a motion to dismiss to trigger the automatic stay, we believe the Court likely would lift the stay as to the documents already produced in the Delaware action.

Accordingly, Plaintiff has no plans to withdraw his properly served discovery requests and deposition notices. As we indicated in our call on May 18, 2011, Plaintiff recognizes that Defendants have already produced most, if not all, of the documents requested. To the extent that Defendants have already produced documents responsive to a request, Plaintiff does not expect Defendants to reproduce them a second time. Rather, Plaintiff expects Defendants to comply with Fed. R. Civ. P. 29(2)(B) and provide responses to each discovery request stating that inspection of the requested materials will be permitted as requested or stating an objection to the request, including, where appropriate, that the requested documents have already been produced. Moreover, as we have stated repeatedly, Plaintiff is willing to work with Defendants regarding coordination of depositions on dates and at locations that are mutually convenient to all parties.

---

[1] *See also id.* at 167 ("[P]ermitting discovery to proceed here would not represent an impermissible 'end run' around the PSLRA's automatic stay provisions. Plaintiff did not simply append state law securities claims to its Complaint in order to bypass the stay. Plaintiff's state law claims are substantive claims which include separate and distinct . . . claims."). Similarly, Plaintiff's state law claims in this case were not appended in order to bypass the stay. In fact, Plaintiff's original complaint asserted *only* state law claims brought under diversity jurisdiction.

      Plaintiff has an obligation to pursue discovery as quickly as possible, especially considering the rapidly approaching Rule 16 conference with Judge Gibney, at which we are expected to discuss, among other things, issues relating to discovery. We believe our discovery requests and deposition notices will inform that discussion. Moreover, because Judge Gibney has not stayed this action, and all indications suggest that the action will proceed to trial in short order, Plaintiff must proceed with discovery as quickly as permissible by the Federal Rules of Civil Procedure. Plaintiff has done so. You are of course free to provide objections to our requests within fifteen days of service, or alternatively to propose a protective order.

      If you have any questions regarding the above, please do not hesitate to contact me.

      Sincerely,

      /s/

      Shawn E. Fields, Esq.

      for JOHNSON & WEAVER, LLP