**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

| | |
|---|---|
| BENJAMIN MOSTAED, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, BAXTER F. PHILLIPS, JR., STANLEY C. SUBOLESKI, LINDA J. WELTY, MASSEY ENERGY COMPANY, and ALPHA NATURAL RESOURCES, INC.,<br><br>Defendants. | Civil Action No.  3:11-cv-00079-REP<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF BENJAMIN MOSTAED'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD AND LIAISON COUNSEL** |

Proposed lead plaintiff Benjamin Mostaed ("Mr. Mostaed") respectfully submits this memorandum of law in support of his motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of his selection of Johnson & Weaver, LLP ("Johnson & Weaver") as lead counsel, and Finkelstein Thompson, LLP ("Finkelstein Thompson") as liaison counsel.

**I.     INTRODUCTION**

Presently pending in this Court is a securities class action lawsuit ("Action") brought on behalf of all public shareholders of Massey Energy Company ("Massey" or the "Company") common stock.  This Action is brought pursuant to §§14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and the laws of the state of Delaware.

Pursuant to the PSLRA, in actions brought under the Exchange Act, the Court is to appoint as lead plaintiff the class member with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See generally In re Mills Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 50485, at *5 (E.D. Va. 2006) (citing § 78u-4(a)(3)(B)(iii)(I)). Here, Mr. Mostaed should be appointed as lead plaintiff because he: (1) timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any movant for lead plaintiff of which he is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Additionally, Mr. Mostaed's selection of Johnson & Weaver to serve as lead counsel and Finkelstein Thompson to serve as liaison counsel should be approved because both firms possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

This Action arose out of the January 29, 2011, announcement that Massey had agreed to be acquired by Alpha Natural Resources, Inc. ("Alpha") for 1.025 shares of Alpha common stock and $10.00 in cash for each Massey share (the "Merger"). In response to this announcement, Mr. Mostaed retained competent and experienced counsel to thoroughly investigate the substantive and procedural fairness of the Merger to Massey's public shareholders. After completing this investigation, Mr. Mostaed filed a well-researched complaint alleging, among other things, breach of fiduciary duties. *See Mostaed v. Crawford et al.*, Civil Action No. 3:11-cv-079-REP (filed Feb. 2, 2011). Mr. Mostaed's complaint was the first filed in this Action. Two similar complaints were subsequently filed. *Perkins v. Crawford*

*et al.*, Civil Action No. 3:11-cv-082-REP (filed Feb. 4, 2011); *Mandel v. Crawford et al.*, 3:11-cv-120-REP (filed Feb. 18, 2011).

On March 17, 2011, Massey and Alpha filed a joint preliminary proxy (the "Preliminary Proxy") soliciting shareholder approval of the Merger. After carefully analyzing the Preliminary Proxy, and consulting with his expert, Mr. Mostaed filed his amended complaint (the "Amended Complaint") on April 4, 2011,[1] alleging violations of §§14(a) and 20(a) of the Exchange Act. *See* Docket Entry No. 21. In the Amended Complaint, Mr. Mostaed included allegations which specifically identified thirteen categories of information that Defendants had failed to provide to shareholders in the Preliminary Proxy. Well after Mr. Mostaed filed his Amended Complaint, Defendants disseminated their Definitive Proxy to Massey shareholders on April 29, 2011 (the "Definitive Proxy"). The Definitive Proxy contained pages of previously undisclosed material information that had been within Defendants' exclusive control and that Mr. Mostaed specifically alleged should have been disclosed. Through Mr. Mostaed's vigorous prosecution of the Action, he was able to achieve significant benefits for the Class in the form of substantial supplemental disclosures. With these disclosures in hand, Massey's public shareholders approved the Merger on June 1, 2011.

### III. ARGUMENT

#### A. Mr. Mostaed Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

---

[1] Although Mr. Mostaed timely filed his Amended Complaint as of right under Fed. R. Civ. P. 15(a) on April 4, 2011, *see* Docket Entry No. 21, Defendants incorrectly claimed that Mr. Mostaed had not timely filed his Amended Complaint. After substantial discussions on the issue, the parties agreed to stipulate that the Amended Complaint was deemed filed as of May 3, 2011, which the Court approved. *See* Docket Entry No. 38.

3

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Mr. Mostaed filed the first complaint in this Action on February 2, 2011. However, this complaint did not bring claims under the Exchange Act, and thus did not trigger the requirements under the PSLRA. Mr. Mostaed filed his Amended Complaint on May 3, 2011, which did bring claims under the Exchange Act – the first and only complaint in this Action to do so. In accordance with the PSLRA's requirements, Mr. Mostaed caused notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on May 23, 2011. *See* Declaration of Shawn E. Fields ("Fields Decl."), Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Mills*, 2006 U.S. Dist. LEXIS at *5. Mr. Mostaed meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. The Motion Is Timely

The time period in which Class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on July 22, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 23, 2011), Mr. Mostaed timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

Mr. Mostaed has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the Class. *See* Fields Decl., Ex. B. In addition, Mr. Mostaed has selected and retained competent counsel to represent himself and the Class. *See* Fields Decl., Exs. C and D. Accordingly, Mr. Mostaed has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and selection of lead counsel as set forth herein, considered and approved by the Court.

### 2. Mr. Mostaed Has the Requisite Financial Interest in the Relief Sought By the Class

As evidenced by, among other things, the accompanying signed certification, *see* Fields Decl., Ex. B., Mr. Mostaed has owned Massey public securities throughout the duration of this litigation. Mr. Mostaed owned 1,250 shares of Massey common stock, worth a total amount of $81,425.00 as of June 1, 2011, the last day Massey's stock traded independently before completion of the Merger with Alpha. Mr. Mostaed thus has a significant financial interest in this case. Therefore, Mr. Mostaed satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in the Action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Mr. Mostaed Otherwise Satisfies Rule 23 of the Federal Rules Of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 375 n.4 (E.D.V.A. 2003) (applying only the typicality and adequacy prongs). Mr. Mostaed satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See id.* Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See id.*; *accord Adamson v. Bowen*, 855

6

F.2d 668, 676 (10th Cir. 1988) (holding that "differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory").  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See id.*

Mr. Mostaed satisfies this requirement because, just like all other Class members, he: (1) purchased and owned Massey common stock before the January 29, 2011, Merger announcement; (2) was entitled to cast a vote either in favor or against the Merger on June 1, 2011; and (3) was damaged by the publication of false and misleading proxy statements by Massey and Alpha soliciting shareholder approval in advance of the Merger vote.  Thus, Mr. Mostaed's claim is typical of those of other Class members since his claim and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Mostaed to represent the Class to the existence of any conflicts between the interests of Mr. Mostaed and the members of the Class.  The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation.  *See In re Mills*, 2006 U.S. Dist. LEXIS at *5-7.

Here, Mr. Mostaed is an adequate representative of the Class.  As evidenced by his signed certification, *see* Fields Decl., Ex. B, Mr. Mostaed owned Massey common stock throughout 2010 and 2011, thus entitling him to vote on the Merger on June 1, 2011.  Moreover, in advance of the Merger vote, Mr. Mostaed received and was injured by the false and

misleading solicitation proxies published by Massey and Alpha. Thus, the interests of Mr. Mostaed are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Mostaed's interest and those of the other members of the Class. Further, Mr. Mostaed has taken significant steps which demonstrate that he will protect the interests of the Class: he filed the first complaint in the Action, he filed the only complaint alleging violations under the Exchange Act, he retained competent and experienced counsel to prosecute these claims, and he has diligently prosecuted this Action for five months, resulting in significant benefits for the Class. In addition, as shown below, Mr. Mostaed's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Mostaed *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

      **B.**      **The Court Should Approve Mr. Mostaed's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Mr. Mostaed has selected the law firm of Johnson & Weaver as lead counsel, and Finkelstein Thompson as liaison counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. *See* Fields Decl., Exs. C and D. Accordingly, the Court should approve Mr. Mostaed's selection of counsel.

**IV.    CONCLUSION**

For all the foregoing reasons, Mr. Mostaed respectfully requests that the Court: (i) appoint Mr. Mostaed as lead plaintiff in the Action; (ii) approve his selection of lead and liaison counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 22, 2011 | FINKELSTEIN THOMPSON, LLP |

/s/
ROBERT O. WILSON (VSB# 77791)
DOUGLAS G. THOMPSON, JR.
The Duvall Foundry
1050 30th Street, N.W.
Washington, DC 20007
Email: rwilson@finkelsteinthompson.com
Telephone: (202) 337-8000
Facsimile: (202) 337-8090


JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
SHAWN E. FIELDS
501 West Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE
8117 Preston Road, Suite 300
Dallas, TX 75225
Telephone: (214) 706-9314
Facsimile: (214) 706-9315

POWERS TAYLOR, LLP
PATRICK W. POWERS
Campbell Centre II
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
Telephone: (214) 239-8900
Facsimile: (214) 239-8901

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of July, 2011, the foregoing Memorandum in Support of Plaintiff Benjamin Mostaed's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel, together with all exhibits thereto, was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

      /s/ _____

Robert O. Wilson (VSB# 77791)
FINKELSTEIN THOMPSON LLP
1050 30th Street NW
Washington, D.C. 20007
E-mail: rwilson@finkelsteinthompson.com
Telephone: (202) 337-8000
Facsimile:  (202) 337-8090